UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM L. NELSON,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

               Respondent.

CASE NO. C05-643JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Respondent's Motion to Dismiss Petition to Quash IRS Summons (Dkt. # 9).  Having read the papers filed in support of and opposition to this motion, and having heard oral argument, the court GRANTS Respondent's motion to dismiss.

## II.   BACKGROUND

Petitioner William L. Nelson filed suit against Respondent United States (the "Government") when the Internal Revenue Service ("IRS") issued a summons to a third-party bank where he keeps an account.  The Government argues that Nelson's petition should be dismissed based on Nelson's failure to file his complaint within 20 days of

ORDER - 1

receiving notice of the summons.[1]  26 U.S.C. § 7609(b)(2)(A).  In response, Nelson contends that his petition is timely under the equitable tolling doctrine.  Prior to filing suit, Nelson sent a complaint letter challenging the summons to various government officials and agencies within the 20-day deadline.  Nelson argues that this letter constitutes a defective pleading warranting the application of equitable tolling.

## III.   DISCUSSION

**A.   Legal Standard**

Although the Government seeks to dismiss this case under Fed. R. Civ. P. 12(b)(1), the Government's motion more properly falls under Fed. R. Civ. P. 12(b)(6). Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (recognizing "federal statutory time limitations on suits against the government are not jurisdictional in nature" and therefore should be raised "through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction.") (quotation and citation omitted).  The court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  Id. at 1207.  When considering a motion to dismiss based on the alleged expiration of a statute of limitations period, the court must determine whether the complaint, read liberally, alleges sufficient facts to toll the limitations period.  Id. at 1206.  The court need "not, however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981);  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

---

[1]The IRS issued the summons on March 10, 2005, and Nelson filed a petition to quash the summons in this court 25 days later, on April 4, 2005.  Petition, Dkt. # 1.

ORDER - 2

**B.      Petition to Quash**

To challenge a third-party summons issued by the IRS, an individual must "begin a proceeding to quash such summons not later than the 20th day after the day such notice is given." 26 U.S.C. § 7609(b)(2)(A).  The Ninth Circuit and several district courts have held that this limit is jurisdictional and have dismissed cases where petitioners failed to file within the 20-day deadline, reasoning that the time limit "must be strictly construed because it is a condition precedent to the waiver of sovereign immunity."  Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985) (citing multiple district court cases); Hill v. Mosby, 896 F. Supp. 1004, 1005 (D. Idaho 1995); Turner v. United States, 881 F. Supp. 449, 451 (D. Haw. 1995).

Nonetheless, Petitioner argues that equitable tolling applies and prevents dismissal, relying on an unpublished district court decision, Mack v. Internal Revenue Serv., 76 A.F.T.R. 2d (RIA) 6909, 1995 WL 556628 (E.D. Cal. 1995).[2]  In Mack, the court reasoned that the United States Supreme Court's decision in Irwin v. Dep't of Veteran's Affairs, 489 U.S. 89 (1990), abrogated controlling Ninth Circuit precedent and held that equitable tolling applies to the 20-day deadline.  Id. at *2-3.  After considering the petitioner's reasons for missing the deadline, however, the Mack court refused to apply equitable tolling based on the circumstances, and dismissed the case.  Id. at *4 (petitioner alleged he "was late because he had to do research, 'get his papers together,' and also attend to his business affairs," and did not allege that "he had been misled . . . or induced by anyone to delay his petition.").  In general, courts apply equitable tolling "sparingly" in situations where a claimant has (1) diligently pursued judicial remedies, such as filing

---

[2]At least one other district court in this circuit has reached the same conclusion. Mackenzie v. United States, 84 A.F.T.R. 2d 6725, 1999 WL 1001598 (E.D. Cal. 1999).

ORDER - 3

a complaint in the wrong court, or (2) been induced or tricked by an adversary's misconduct into allowing the filing deadline to pass.  Irwin, 498 U.S. at 457-58 (refusing to apply equitable tolling to a "garden variety claim of excusable neglect" where the claimant's lawyer was away from the office when notice was served and failed to file within the 30-day deadline).

Although the Supreme Court held in Irwin that equitable tolling applies to suits against the federal government, the Court's later decision in United States v. Brockamp, 519 U.S. 347 (1997), casts doubt on whether equitable tolling applies to petitions filed under § 7609.  In Brockamp, the Court held that equitable tolling does not apply to statutory deadlines for filing tax refund claims based on the emphatic and repetitive language used in the statute reiterating the deadlines, and Congress' failure to list equitable tolling as a statutory exception.  519 U.S. at 350-52.  The Court noted that tax law "is not normally characterized by case-specific exceptions reflecting individualized equities," and that Congress decided that the "occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed)" was necessary "to maintain a more workable tax enforcement system," numbering more than 200 million yearly tax returns.  Id. at 352-53.

The court, however, need not resolve whether equitable tolling applies to § 7609 in light of this jurisprudence, given Nelson's failure to allege sufficient facts warranting the application of equitable tolling.  See Shisler v. United States, 199 F.3d 848, 852 (6th Cir. 1999) (finding it unnecessary to determine whether equitable tolling applies to § 7609 "because petitioners provide no factual reason why principles of equity should be applied in the present case.").  Although Nelson alleges that he "diligently pursued" filing his petition and that "circumstances beyond his control" prevented him from filing within the statutory deadline, he fails to allege *any* facts in his petition supporting these conclusions.

ORDER - 4

Am. Pet. at ¶ 6.  The court is not required to accept Nelson's conclusory and factually unsupported allegations. E.g., Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985) (upholding district court's dismissal of conclusory complaint);  Watt, 643 F.2d at 624; Warren, 328 F.3d 1136 at 1139.

Further, Nelson's argument (raised for the first time in opposition to the Government's motion) that sending a complaint letter within the 20-day deadline constitutes a "defective pleading" warranting the application of equitable tolling, lacks support under the case law.  The two cases on which Nelson relies present strikingly different facts.  In both cases, the Supreme Court tolled the statute of limitations where plaintiffs filed complaints under the Federal Employers' Liability Act in state courts with proper jurisdiction, properly served the defendants, and were later transferred for improper venue.  Burnett v. New York Cent. R.R. Co., 380 U.S. 424, 431, 434 (1965); Herb v. Pitcairn, 325 U.S. 77, 79 (1945).  Here, however, Nelson sent a complaint letter by certified mail to multiple government officers and agencies opposing the IRS' summons of his bank account information.  Nelson did not file his letter, or attempt in any other way to initiate legal action in state or federal court.  Given the Supreme Court's recognition that federal courts apply equitable tolling "sparingly," the court finds that the factual differences distinguishing the cases relied on by Nelson from the case at bar would prevent the court from applying equitable tolling, even if Nelson obtained leave of court to amend his petition.  Irwin, 498 U.S. at 96.

Finally, the court refuses Nelson's request for leave to amend his petition as an alternative to dismissal, as futile.  When pressed by the court at oral argument to state every fact supporting Nelson's claim for equitable tolling (beyond his letter), Nelson's counsel stated that Nelson received the IRS summons when his regular counsel was abroad, and that local counsel received the summons the day before the 20-day deadline

ORDER - 5

1   expired and filed a petition to quash shortly thereafter.  Yet, this is nearly the exact

2   factual scenario that the Supreme Court declared "a garden variety claim of excusable

3   neglect" and to which it refused to apply equitable tolling.  Irwin, 498 U.S. at 96

4
    (refusing to extend equitable tolling where petitioner alleged that "his lawyer was absent
5
    from his office at the time that the EEOC notice was received, and that he thereafter filed
6
7   within 30 days of the day on which he personally received notice.").  Thus, the court

8   finds that Nelson can prove "no set of facts that would establish the timeliness of the

9   claim," and grants the Government's motion to dismiss.[3]  Supermail, 68 F.3d at 1207.

10                              **IV.   CONCLUSION**

11          For the reasons stated above, the court GRANTS Respondent's Motion to Dismiss

12  Petition to Quash IRS Summons (Dkt. # 9).

13          Dated this 1st day of August, 2005.

14

15

16                                      _____

17                                      JAMES L. ROBART
                                        United States District Judge
18

19

20

21

22

23

24

_____

25
            [3]Although Nelson moves to strike the Government's untimely and improper second reply
26  brief cast as an "errata," the court denies this motion given that the four paragraphs of new
    material submitted by the Government failed to influence the court's decision.  The court reminds
27  the Government, however, to abide by Fed. R. Civ. P. 6(b) and to seek the court's permission
    before filing an untimely brief.
28

ORDER - 6